UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CARRIE M. STREETER - DOUGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KIRKSTON MORTGAGE LENDING, ) <br> LLC, ) <br> ) <br> Defendant. ) | 3:13-cv-00166-RLY-WGH |

**ENTRY ON PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A
COLLECTIVE ACTION AND TO FACILITATE NOTICE TO
COLLECTIVE PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiff, Carrie M. Streeter-Dougan, was employed at Kirkston Mortgage Lending, LLC ("Kirkston"), as a loan processor from September 11, 2012, until March 25, 2013. She contends that she, and other similarly situated employees who worked at Kirkston during the past three years, regularly worked over forty (40) hours a week, but were not paid overtime compensation as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff now moves to conditionally certify a collective action defined as: "All current and former loan officers and loan processors, and other similarly situated employees, employed during that three year period before the filing of this complaint." Plaintiff also moves to facilitate notice to collective plaintiffs pursuant to 29 U.S.C. § 216(b). Kirkston opposes the motion on grounds that loan

1

officers are not similarly situated to loan processors at Kirkston. For the reasons set forth below, the Plaintiff's motion is **DENIED**.

## II.  Discussion

Pursuant to the FLSA, one or more employees may bring an action for overtime compensation "on behalf of himself or themselves and any other employees similarly situated." 29 U.S.C. § 216(b). A collective action of this nature differs from a class action under Rule 23 of the Federal Rules of Civil Procedure in that class members must affirmatively *opt-in* to a collective action to be bound. *Wiyakaska v. Ross Gage, Inc.*, No. 10-cv-1664, 2011 WL 4537010 (S.D. Ind. Sept. 28, 2011) (citing *Carter v. Indianapolis Power & Light Co.*, No. 02-cv-1812, 2003 WL 23142183, at *2 (S.D. Ind. Dec. 23, 2003)).

When determining the issue of collective action certification, the court engages in a two-step approach. *Wiyakaska*, 2011WL 4537010, at *2 (citing *Cheeseman v. Nexstar Broad. Grp., Inc.*, No. 07-cv-360, 2008 WL 2225617, at *2 (S.D. Ind. May 27, 2008)). Under the first step, Plaintiff must first demonstrate a reasonable basis for believing that she is similarly situated to potential class members. *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006). This is known as the "notice stage" and involves "an analysis of the pleadings and affidavits which have been submitted to determine whether notice should be given to potential class members." *Carter*, 2003 WL 23142183, at *3. The second step generally occurs after discovery has largely been completed. In this stage, the court has "the opportunity to determine whether the class should be decertified

or restricted because putative class members are not in fact similarly situated as required by the statute." *Id.*

The present action is at step one, the notice stage. In this initial stage, Plaintiffs do not have the burden of proving their entire case. *Id*. Rather, "[t]he first step requires [P]laintiff[] to make a modest factual showing that [she] and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law." *Nogueda v. Granite Masters, Inc.*, No. 09-cv-374, 2010 WL 1521296, at *2 (N.D. Ind. Apr. 14, 2010) (citing *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). "Put another way, [P]laintiff must demonstrate that there is some factual nexus that connects h[er] to other potential plaintiffs as victims of an unlawful practice." *Austin*, 232 F.R.D. 601, 605-06 (W.D. Wis. 2006).

In support of her motion for conditional certification, Plaintiff filed an affidavit, paycheck stubs, and a time card which she alleges evidence the failure of Kirkston to pay her overtime wages under the FLSA. Plaintiff testified that as a loan processor at Kirkston, she was responsible for working with loan officers to obtain and verify information for loan applicants, including salary, income, rents, mortgage history, appraisals, and title work. (Affidavit of Carrie M. Streeter-Dougan ¶ 6). According to Plaintiff, loan officers at Kirkston were responsible for contacting prospective borrowers, evaluating the borrowers' financial situation, providing a prequalification letter, consulting with borrowers to obtain the best loan available, and assisting borrowers in preparing a loan application. (*Id.*). Plaintiff testified that, based upon her conversations with Kirkston's loan officers, loan processors, and "other similarly situated employees"

about their method of compensation, they were not paid for overtime hours worked. (*Id*. ¶ 12).

Plaintiff has not satisfied her minimal burden of showing that she is similarly situated to the members of the collective action she wishes to represent – i.e., that she and the other potential plaintiffs were the victims of a common policy or plan to violate the FLSA. Although Plaintiff testified that she worked closely with loan officers at Kirkston, Plaintiff failed to identify any loan officer by name, failed to explain when and where her conversations regarding overtime pay with any loan officer occurred, and failed to provide any documentary evidence from a loan officer which would lead to a reasonable inference that loan officers, like loan processors, were the victims of an overtime violation. At most, Plaintiff's evidence supports her allegations that Kirkston violated the FLSA as to her, but it does not support the inference that Kirkston violated the FLSA with respect to its loan officers and "other similarly situated employees." *See Nogueda*, 2010 WL 1521296, at *3-4 (denying collective action certification where plaintiff submitted only his affidavit and paycheck stubs).

The "modest factual showing" is not a high burden, but it is "not a mere formality." *Boyd v. Alutiiq Global Solutions, LLC*, No. 11-cv-753, 2011 U.S. Dist. LEXIS 88656 (N.D. Ill. Aug. 8, 2011) (denying collective action certification where the plaintiffs provided four affidavits in an effort to establish company-wide FLSA violations that spanned thousands of employees and different business locations); *Nogueda*, 2010 WL 1521296, at *2. Here, Plaintiff's evidence falls short. The allegations in her Complaint, read in connection with her affidavit, do not provide a reasonable basis for

believing that she is similarly situated to the potential class members consisting primarily of loan officers. Accordingly, her motion (Docket # 14) is **DENIED**. If additional evidence surfaces to support Plaintiff's collective action, she may bring it to the court's attention and file another motion for collective action certification.

**SO ORDERED** this 21st day of November, 2013.

                                              RICHARD L. YOUNG, CHIEF JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.